## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DARIUS DUBOSE, | : | Case No. 3:25-CV-271 (SVN) |
| *Petitioner,* | : | |
| | : | |
| v. | : | |
| | : | |
| ANGEL QUIROS, | : | |
| *Respondent.* | : | February 12, 2026 |

## ORDER

Before the Court is Respondent Angel Quiros's motion to dismiss Petitioner Darius Dubose's original petition for writ of habeas corpus brought under 28 U.S.C. § 2241. Mot. to Dis., ECF No. 27. For the reasons set forth below, the Court **DENIES** as moot Respondent's motion to dismiss Petitioner's original habeas petition, but **DISMISSES** Petitioner's superseding amended habeas petition in light of the recent pleadings submitted by the parties.

## I.    BACKGROUND

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 on February 20, 2025. Pet., ECF No. 1, at 1. Petitioner was a pretrial detainee when he filed this habeas petition. *See id.* The petition raised four claims, all asserting violations of Connecticut state law. *See id.* at 3–4. Specifically, Petitioner maintained that the State had not provided him with certain evidence under Conn. Gen. Stat. §§ 54-86a and 54-86c (Claims 1 and 2), that he had been denied the right to a speedy trial under Conn. Gen. Stat. § 54-82c (Claim 3), and that his case should have been dismissed, under Conn. Gen. Stat. §§ 54-82d and 54-56 (Claim 4). *Id.* The petition sought dismissal of Petitioner's state charges, release from imprisonment, and a "[s]uper [i]njunction protecting [his] unalienable rights." *Id.* at 4.

The Court ordered Respondent to file a response to Petitioner's habeas petition. *See* Order,

June 5, 2025, ECF No. 26. Respondent complied by filing a motion to dismiss the habeas petition on June 10, 2025. Mot. to Dis., ECF No. 27. Petitioner, in turn, filed a motion for summary judgment on June 17, 2025, and a response to Respondent's motion to dismiss on July 15, 2025. Mot. for Summ. J., ECF No. 28; Pet. Resp., ECF No. 32. Petitioner also filed a series of objections, affidavits, and notices after briefing concluded. *See* ECF Nos. 35–42.

On October 2, 2025, Petitioner pled "*nolo contendere*"[1] to three criminal offenses in the underlying state criminal case he challenges in his original habeas petition.[2] The state court sentenced Petitioner to a total of five years' imprisonment, suspended after three years, and three years' conditional discharge. *See* note 2. Petitioner's expected release date is October 26, 2026.[3]

Because Petitioner's *nolo contendere* plea in the underlying state criminal case appeared to foreclose the claims contained in his habeas petition, *see Tollett v. Henderson*, 411 U.S. 258, 266 (1973) (noting that a guilty plea "forecloses direct inquiry into the merits of claimed antecedent constitutional violations…."), the Court ordered the parties to submit briefs addressing whether Petitioner's claims were still cognizable. *See* Order, January 8, 2026, ECF No. 43.

Respondent submitted a brief arguing that "[t]he petitioner's pleas waived his ability to pursue relief on the claims raised in his petition." Memo. of Law, ECF No. 49 at 1. Instead of

---

[1] Connecticut law "permits a defendant to enter a conditional plea of *nolo contendere* while preserving the right to appeal in certain specified circumstances, namely, the denial of a motion to dismiss or a motion to suppress that is dispositive of the case." *State v. Russo*, 221 Conn. App. 729, 752–53 (2023) (footnote omitted). "A *nolo contendere* plea has the same effect as a guilty plea, but a nolo contendere plea cannot be used against the defendant as an admission in a subsequent criminal or civil case." *State v. Colon*, 234 Conn. App. 265, 274 n.9 (2025) (internal quotation marks and citation omitted).

[2] *See* State of Connecticut Judicial Branch, *Criminal/Motor Vehicle Conviction Case Detail* (No. A05D-CR23-0191996-S), https://www.jud2.ct.gov/crdockets/CaseDetailDisp.aspx?source=Pending&Key=542505da-9677-413d-b110-961df6728240 (last accessed February 12, 2026). The Court may take judicial notice of content on this website. *See Davis v. Guadarama*, No. 3:24-CV-00278 (SFR), 2025 WL 1027998, at *1 n.1 (D. Conn. Mar. 13, 2025).

[3] *See* Department of Correction ("DOC"), *Offender Information Search*, https://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=321480 (last accessed February 12, 2026). The Court may also take judicial notice of content on this website. *See Taveras v. Semple*, No. 3:15-CV00-531 (SALM), 2023 WL 112848, at *1 n.1 (D. Conn. Jan. 5, 2023) (taking judicial notice of Connecticut DOC offender information search).

submitting a brief as ordered, Petitioner submitted several affidavits unrelated to the issue of his *nolo contendere* pleas, *see* Affidavits, ECF Nos. 44–47, and an amended petition for writ of habeas corpus. *See* Am. Pet., ECF No. 50.[4]

Petitioner's amended habeas petition is markedly different than his original petition. The Petitioner states in it that he "was convicted in the Connecticut Superior Court …, under docket number A05DCR230191996S, following the entry of a guilty plea on or about 08/26/2025 & 10/2/2025." ECF No. 50 ¶ 1. Petitioner states that he is "currently in custody pursuant to that conviction and sentence." *Id.* ¶ 2. And instead of asserting that his pretrial confinement violates state law, as he did in his original habeas petition, *see* ECF No. 1 at 3–4, Petitioner now "challenges the Constitutionality of the arrest, plea and conviction." ECF No. 50 ¶ 3. Specifically, Petitioner now asserts that his guilty plea was unknowingly and involuntarily made, that he received ineffective assistance of counsel, and that the state court did not permit Petitioner to represent himself, all in violation of his constitutional rights. *Id.* ¶¶ 4–14. Petitioner now asks the Court to vacate his guilty plea and conviction, order his "immediate release," and enter a "[s]uper [i]njunction" against the State of Connecticut "to avoid his rights being violated again…." *Id.* at 4.[5] Petitioner also filed an "Affidavit of Brief" that appears to elaborate on the claims in the amended petition. Aff., ECF No. 48.

---

[4] Petitioner sought leave to respond to Respondent's submission, but the Court denied this motion, as the briefing it requested was intended to be concurrent and Petitioner had chosen to file several other documents, but not a brief on the effect of the *nolo contendere* pleas, during the relevant period. *See* Mot. for Ext. of Time, ECF No. 51; Order, ECF No. 52.

[5] In a handwritten addition to the certificate of service, Petitioner noted that the amended petition was being mailed to the Superior Court in Derby, Connecticut. *See* ECF No. 50 at 6. The caption of the amended petition makes clear, however, that he intended to file it in this court, the U.S. District Court for the District of Connecticut.

II.    **DISCUSSION**

A.  <u>Amended Petition</u>

Before the Court can decide the pending motions, it must first determine which habeas petition is operative.  *See Wakefield v. Scott*, No. 5:17-CV-115, 2019 WL 13271839, at *2 (D. Vt. Sept. 24, 2019) (first determining the operative complaint before deciding motion for judgment on the pleadings).  This analysis turns on whether Petitioner may amend his original habeas petition. The Rules Governing Section 2254 Cases do not address amendment of petitions.  But "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or [the Rules Governing Section 2254 Cases], may be applied to a proceeding under these rules."  Rule 12 Governing Section 2254 Cases.

Rule 15 of the Federal Rules of Civil Procedure addresses amended pleadings.  *See generally* Fed. R. Civ. P. 15.  Under Rule 15(a)(1), "[a] party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1). Under Rule 5(a) of the Rules Governing Section 2254 Cases, "[t]he respondent is not required to answer the petition unless a judge so orders," so the original habeas petition is not "one to which a responsive pleading is required," under Rule 15(a)(1)(B).  Accordingly, Petitioner could amend his original petition "once as a matter of course" only by filing an amended petition "21 days after serving it."  Fed. R. Civ. P. 15(a)(1)(A).  Because the Court served the petition on Respondent on April 25, 2025, *see* Order to Show Cause, ECF No. 16, any amended petition filed as a matter of course would have been due by May 16, 2025.  *See* Fed. R. Civ. P. 15(a)(1)(A).  And because

Petitioner did not file his amended petition until January 28, 2026, *see* Am. Pet., ECF No. 50, he cannot amend his petition "once as a matter of course." Fed. R. Civ. P. 15(a)(1).

When a party may not amend a pleading "as a matter of course" under Rule 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Petitioner's amended petition does not indicate that he obtained Respondent's written consent, so he can only file an amended petition with the Court's leave. *See id.* Petitioner has not sought leave to file the amended petition, but the Court "may *sua sponte* grant leave to amend." *Leto v. Bridges Healthcare, Inc.*, No. 3:20-CV-01272 (VAB), 2021 WL 3269091, at *10 (D. Conn. July 30, 2021) (internal quotation marks and citation omitted). The Court's discretion to grant such leave is broad, *see id.*, and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Because judicial economy favors permitting the amendment here, the Court *sua sponte* grants Petitioner leave to amend his petition. *See Sign Pro, Inc. v. Town of Southington*, No. 3:23-CV-651 (SRU), 2025 WL 1753660, at *2 (D. Conn. June 25, 2025) (granting plaintiff leave to amend complaint because "[e]xpediency, efficiency, and judicial economy" warranted it). Petitioner's amended petition is thus the operative habeas petition.

"[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect." *Pettaway v. Nat'l Recovery Sols, LLC*, 955 F.3d 299, 303 (2d Cir. 2020); *see also Sloane v. Daye*, No. 25-CV-7479 (LLS), 2025 WL 3282437, at *3 (S.D.N.Y. Nov. 25, 2025) (advising habeas petitioner that "an amended petition completely replaces the original petition."). Because the amended habeas petition has superseded the original habeas petition and rendered it of no legal effect, Respondent's motion to dismiss, ECF No. 27, and Petitioner's motion for summary judgment, ECF No. 28—both directed at the original habeas petition—are **DENIED** as moot. *See*

*Pettaway*, 955 F.3d at 303–04 (holding that "when a plaintiff properly amends her complaint after a defendant has filed a motion to dismiss that is still pending, the district court has the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended complaint."); *O'Hazo v. Bristol-Burlington Health Dist.*, 599 F. Supp. 2d 242, 245 n.1 (D. Conn. 2009) (denying as moot motion for summary judgment directed at original complaint because amended complaint was the operative complaint).

B.  28 U.S.C. § 2254 Petitions

Before ordering Respondent to show cause why the relief prayed for in the amended habeas petition should not be granted, the Court must determine whether the amended habeas petition is brought under 28 U.S.C. § 2241 or 28 U.S.C. § 2254.  Unlike the original habeas petition, which clearly states that it is brought under 28 U.S.C. § 2241, *see* Pet., ECF No. 1 at 1, the amended habeas petition contains no reference to the Code section under which Petitioner brings it.  *See* ECF No. 50 at 1.

Sections 2241 and 2254 both permit a court to grant a habeas petition if a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a).  But only one section—section 2254—is meant to provide relief to "a person in custody pursuant to the judgment of a State court…." 28 U.S.C. § 2254(a).  Thus, "[n]otwithstanding th[e] ostensible overlap between § 2241 and § 2254, the Second Circuit has made clear that § 2254 is the exclusive procedural pathway for prisoners who seek to challenge custody imposed pursuant to a state court judgment."  *Sastrom v. Connecticut Psychiatric Sec. Rev. Bd.*, No. 3:21-CV-640 (JAM), 2022 WL 226806, at *2 (D. Conn. Jan. 25, 2022) (citing *Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003)); *see also Hanton v. Lantz*, No. 3:09-CV-774 (CFD), 2010 WL 2232642, at *4 (D. Conn. May 27, 2010) (noting that "[a] section

2254 petition applies to challenges to the fact of a state inmate's conviction or the length or execution of his sentence" (citing *Preiser v. Rodriguez,* 411 U.S. 475, 490 (1973); *Cook*, 321 F.3d 274, 278–79))).  Because Petitioner challenges his custody resulting from a state court judgment, *see* ECF No. 50 ¶¶ 1–3, the Court must construe Petitioner's habeas petition as being brought under section 2254.  *See Mitchell v. Comm. of Corr.*, No. 3:16-CV-486 (DJS), 2016 WL 6573941, at *2 (D. Conn. Nov. 4, 2016) (construing habeas petition as being brought under section 2254, and not section 2241, "[b]ecause the petitioner challenge[d] his confinement pursuant to state court convictions").

The Second Circuit has instructed that a district court should not *sua sponte* convert a section 2241 petition to a section 2254 petition without first allowing the petitioner an opportunity to withdraw the petition.  *See Cook*, 321 F.3d at 282.  But the rule in *Cook* does not apply here for two reasons.

First, *Cook* involved a district court "convert[ing]" a petition "ostensibly made under 28 U.S.C. § 2241 to an application under section 2254."  *Id.*  Here, by contrast, the Court has not "converted" a section 2241 petition to a section 2254 petition.  Petitioner's amended habeas petition superseded his original section 2241 petition and rendered it of no legal effect, *see Pettaway*, 955 F.3d at 303, so there is no original petition for the Court to covert.  Rather, the Court has construed the amended petition as a section 2254 petition in the first instance, based on the substance of the petition, rather than its form.  *See Cook*, 321 F.3d at 278 ("[I]t is the substance of the petition, rather than its form, that governs.") (quoting *James v. Walsh,* 308 F.3d 162, 166 (2d Cir. 2002)); *see also Fraser v. Caron*, No. 3:22-CV-315 (OAW), 2022 WL 5246421, at *2 (D. Conn. Oct. 6, 2022) ("Determining whether a petition should be considered under section 2241 or section 2254 is based on the substance of the petition.") (citing *Cook*, 321 F.3d at 278).

Second, to the extent construing the amended petition as a 2254 petition in the first instance constitutes a "conversion," the concerns present in *Cook* are not present here.  Before the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "district courts routinely converted post-conviction motions of prisoners who unsuccessfully sought relief under some other provision of law into motions made under 28 U.S.C. § 2255 and proceeded to determine whether the prisoner was entitled to relief under that statute." *Adams v. United States*, 155 F.3d 582, 583 (2d Cir. 1998).  The Second Circuit affirmed this practice "to relax formalities that might needlessly frustrate *pro se* petitioners and because the practice was harmless[.]" *Id*.

But now AEDPA places "severe restrictions" on a habeas petitioner's "ability to file more than one habeas petition." *United States v. Okafor*, 49 F. App'x 353, 355 n.2 (2d Cir. 2002) (summary order); *see also* 28 U.S.C. § 2244(b) (AEDPA's restrictions on "second or successive" petitions).  "[B]ecause of AEDPA's stringent limits on 'second and successive' petitions, a conversion which [the Second Circuit] approved under pre-AEDPA law because it was useful and harmless might, under AEDPA's new law, become extraordinarily harmful to a prisoner's rights." *Cook*, 321 F.3d at 281 (internal quotation marks omitted) (quoting *Adams*, 155 F.3d at 584).

As the Second Circuit explained in *Adams*, "[a] prisoner convicted pursuant to unconstitutional proceedings might lose the right to have a single petition for habeas corpus adjudicated, solely by reason of a district court's having incorrectly recharacterized some prior motion as one brought under § 2255[,]" *Adams*, 155 F.3d at 584, or, here, section 2254.  *See Cook*, 321 F.3d at 282 (noting that "the problem arising from conversion is the same" in the section 2254 context).  To avoid this conversion problem, then, the Second Circuit now requires district courts to permit a habeas petitioner to withdraw a converted section 2254 petition if it may constitute an initial petition under AEDPA.  *See id.*

But not every 2254 petition filed first in time constitutes an "initial" petition. *See Muniz v. United States*, 236 F.3d 122, 125–26 (2d Cir. 2001) ("[N]ot every post-conviction motion, nor even every habeas petition, furnishes the foundation for treating a subsequent habeas petition as 'second or successive." (internal quotation marks omitted) (quoting *Raineri v. United States,* 233 F.3d 96, 99–100 (1st Cir. 2000))). The Second Circuit "has often stated that an initial petition will 'count' where it has been adjudicated on the merits or dismissed with prejudice." *Thai v. United States*, 391 F.3d 491, 494 (2d Cir. 2004). But "an initial petition that is dismissed without prejudice because it contains curable procedural defects or because it presents unexhausted claims is not a first petition for purposes of §§ 2244 and 2255." *Id.* at 495. As such, any subsequent petition filed after dismissal of a petition for failure to exhaust remedies does not constitute a "second or successive" petition under section 2244(b). *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (holding that "[a] petition filed after a mixed petition has been dismissed [as containing both exhausted and unexhausted claims] under *Rose v. Lundy* before the district court adjudicated any claims is to be treated as 'any other first petition' and is not a second or successive petition."); *Camarano v. Irvin*, 98 F.3d 44, 47 (2d Cir. 1996) (holding that "a petition filed after a prior petition is dismissed without prejudice for failure to exhaust state remedies is not a 'second or successive' petition within the meaning of § 2244").

Because a petition dismissed for failure to exhaust remedies does not render any subsequently filed petition a "second or successive" petition under section 2244(b), the concern in *Cook*—that a petitioner may "forfeit unnecessarily and unintentionally a meritorious claim" by the Court construing a petition as a section 2254 petition—is not implicated. *See Cook*, 321 F.3d at 282; *Sastrom*, 2022 WL 226806, at *3 (noting that the concern in *Cook* "is not presented when a court dismisses a § 2254 petition for failure to exhaust state court remedies, because this type of

dismissal is without prejudice to the filing of a renewed § 2254 petition." (citing *Slack*, 529 U.S. at 485–89)). And because the concern in *Cook* is not implicated by converting a 2254 petition containing unexhausted claims, courts have dismissed converted 2254 petitions without providing petitioners the opportunity to withdraw them. *See*, *e.g.*, *Green v. Quiros*, No. 3:20-CV-1217 (CSH), 2021 WL 1670293, at *5 (D. Conn. Apr. 27, 2021) (relying on *Slack* to conclude that "notice of conversion under *Adams* and *Cook* need not be given where a habeas claim, although arising under § 2254, is dismissed for failure to exhaust"); *Sastrom*, 2022 WL 226806, at *3 (citing *Green* to "dismiss [petitioner's] § 2254 petition on the ground of failure to exhaust state court remedies without the need in the first instance to afford him an opportunity to withdraw his petition").

Because, for reasons explained below, the Court dismisses Petitioner's habeas petition for failure to exhaust state remedies, Petitioner need not be given notice and the opportunity to withdraw the petition, because he may refile his petition after he has exhausted state remedies. *See Sastrom*, 2022 WL 226806, at *3; *Green*, 2021 WL 1670293, at *6 (noting that "should [petitioner] bring a federal claim—after the present dismissal of his habeas petition without prejudice for failure to exhaust remedies—that petition will not be deemed a 'second or successive' petition for purposes of 28 U.S.C. § 2244").

C.  Exhaustion of State Remedies

Finally, the Court holds that the amended petition must be dismissed, as Petitioner has failed to exhaust state remedies.

The Court may not grant a habeas petition brought under section 2554 "unless it appears that … the applicant has exhausted the remedies available in the courts of the State[.]"  28 U.S.C. § 2254(b)(1)(A).  Exhaustion of state remedies may only be excused if "there is an absence of

available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B).  Unlike exhaustion under section 2241, exhaustion under section 2254 is mandatory.  *James*, 308 F.3d at 167 (noting that "Section 2254(b)(1) requires state prisoners to exhaust all available state court remedies before filing a Section 2254 petition, whereas Section 2241 contains no such exhaustion requirement").

Section 2254's exhaustion requirement ensures that state courts have "a fair opportunity to pass upon [a] federal claim" before "a habeas petitioner seek[s] to upset his state conviction on federal grounds …."  *Daye v. Att'y Gen. of State of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982).  "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 354, 365–66 (1995) & *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

A Connecticut habeas petitioner "fairly presents" his claims in "each appropriate state court" by filing a direct appeal with the Connecticut Appellate Court and then, if the judgment is affirmed, filing a petition for certification with the Connecticut Supreme Court.  *See Wright v. Charles Lee*, No. 3:09-CV-01206 (SRU), 2017 WL 2938193, at *9 (D. Conn. July 10, 2017) (stating that "a petitioner may not exhaust a claim by first raising it in a petition for certification to the Connecticut Supreme Court, without raising it on appeal to the Appellate Court"); *Grant v. McGill*, No. 3:08-CV-1432 (JBA), 2009 WL 1060468, at *1 (D. Conn. Apr. 20, 2009) (noting a habeas petitioner must "exhaust his state court remedies with regard to any claim he includes in a federal habeas petition by seeking review of that ground before the Connecticut Supreme Court"); *see also Abrahams v. Comm'r of Corr.*, No. 3:10-CV-519 (MRK), 2010 WL 5093113, at *6 (D.

11

Conn. Dec. 8, 2010) (noting that habeas petitioner could "fully exhaust [his] claims by appealing the Superior Court's decision regarding his fourth state habeas petition to the Appellate Court and then seeking review of the Appellate Court's decision in the Connecticut Supreme Court").

"The court may *sua sponte* dismiss a habeas petition for failure to exhaust state remedies only if it is unmistakably clear that the petitioner has failed to exhaust his state remedies." *Mitchell v. Cournoyer*, No. 3:17-CV-349 (MPS), 2017 WL 1371250, at *2 (D. Conn. Apr. 11, 2017) (citing *Acosta v. Artuz*, 221 F.3d 117, 125 (2d Cir. 2000) (permitting *sua sponte* dismissal of habeas petition as untimely only if untimeliness is "unmistakably clear from the facts alleged in the petition")). Here, it is "unmistakably clear from the facts alleged in the petition," *Acosta*, 221 F.3d at 125, that Petitioner failed to exhaust his state remedies "before filing [his] Section 2254 petition[.]" *James*, 308 F.3d at 167.

Petitioner alleges, and state court and DOC records confirm, that Petitioner was sentenced on October 2, 2025. *See* ECF No. 50 ¶ 1; *supra* notes 2 and 3. Petitioner filed his amended habeas petition challenging this state judgment on January 28, 2026. *See* ECF No. 50. Under Connecticut law, the issues raised in grounds one and three of Petitioner's amended petition must normally be raised through a direct appeal, though they may sometimes be entertained in the first instance in a state habeas action. *See Merle S. v. Comm'r of Corr.*, 167 Conn. App. 585, 594 (2016) (noting that a claim that a guilty plea was involuntary, when untethered to an ineffective assistance of counsel claim, must be raised either on direct appeal or by way of a motion to withdraw the guilty plea to avoid procedural default); *Quint v. Comm'r of Corr.*, 99 Conn. App. 395, 402 (2007) (noting that, normally, a claimed deprivation of the right of self-representation is "properly raised in the context of a direct appeal"). Petitioner's ineffective assistance of counsel claims can be

challenged only through a petition for a new trial or on a petition for writ of habeas corpus, rather than on a direct appeal. *State v. Polynice*, 164 Conn. App. 390, 396 (2016).

Thus, to fully exhaust his state remedies before filing his amended habeas petition, Petitioner would ordinarily need to do the following with respect to grounds one and three: file a direct appeal of his criminal judgment, file a brief with the Connecticut Appellate Court, receive a decision from that court, seek certification of any adverse ruling to the Connecticut Supreme Court, and receive either a denial or the petition for certification or a decision from the Connecticut Supreme Court. Likewise, to fully exhaust state court remedies for ground two, relating to ineffective assistance of counsel—or to exhaust grounds one and three if they can permissibly be brought in a state habeas petition in the first instance—Petitioner would need to file a petition for a new trial or a state habeas action and litigate that action through the stage of either denial of certification to appeal to the Connecticut Supreme Court or a substantive ruling from that court. *See Abrahams*, 2010 WL 5093113, at *6 (describing required appellate process); *Morgan v. Alves*, No. 3:10-CV-1486 MRK, 2011 WL 2471284, at *5 (D. Conn. June 21, 2011) (concluding that habeas claim was exhausted because petitioner raised claim "in a petition for certification to appeal the Connecticut Appellate Court's decision to the Connecticut Supreme Court, and the Connecticut Supreme Court denied [petitioner's] petition for certification"). And he would have needed to accomplish each of these predicate litigation steps in just the three months and twenty-six days between his underlying criminal judgment and the filing of his amended federal petition for habeas relief.

But state court records do not show that Petitioner has filed any appeal from his state judgment.[6] And the State of Connecticut Judicial Branch website shows that Petitioner filed only one habeas petition, in January of 2015.[7] As that petition long predates the charges at issue in this case, for which the offense date is January 8, 2023, it cannot be related to the conviction he challenges here. State records do not show the filing of any other habeas petitions by Petitioner. *See* note 7. It is therefore clear that Petitioner did not complete the entire state appellate process with respect to the grounds raised in his amended petition before filing it in federal court.

Accordingly, it is unmistakably clear that Petitioner did not exhaust his state remedies before filing his amended habeas petition. *See Young v. McClendon*, No. 22-CV-00710 (KAD), 2022 WL 2952772, at *5 (D. Conn. July 26, 2022) (dismissing habeas petition *sua sponte* because Connecticut Judicial Branch website revealed no habeas cases filed by petitioner since his incarceration). The amended habeas petition must therefore be dismissed without prejudice. *See Schlosser v. Quiros*, No. 22-CV-1620 (VLB), 2023 WL 7300564, at *8 (D. Conn. Nov. 6, 2023) (concluding that "fully unexhausted" habeas petition "must be dismissed without prejudice").

## III.    CONCLUSION

For the reasons discussed above, the Court **DENIES** as moot Respondent's motion to dismiss, ECF No. 27, and Petitioner's motion for summary judgment, ECF No. 28. The Court **DISMISSES** the amended habeas petition, ECF No. 50, without prejudice to refiling after Petitioner has exhausted state remedies.

---

[6]    *See* State of Conn. Judicial Branch, *Appellate/Supreme Court Case Look*-up, https://appellateinquiry.jud.ct.gov/SearchResults.aspx?CallingPage=PartyName&PN=Dubose&C=&CS=All&SD=&ED= (finding no results when searching Petitioner's name) (last accessed February 12, 2026).
[7]    *See* State of Conn. Criminal/Motor Vehicle Conviction Case Detail, https://www.jud2.ct.gov/crdockets/CaseDetailDisp.aspx?source=Pending&Key=542505da-9677-413d-b110-961df6728240 (last visited February 12, 2026).

The Court denies a certificate of appealability because any appeal from this Order would not be taken in good faith.

The Clerk is directed to enter judgment and close this case.

**SO ORDERED** at Hartford, Connecticut, this 12th day of February, 2026.

 /s/ Sarala V. Nagala
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE